## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

SONYA LONDON                                                    PLAINTIFF

v.                          CASE NO. 4:17-CV-107-JLH

NAVIENT SOLUTIONS, LLC
f/k/a NAVIENT SOLUTIONS, INC.                                  DEFENDANT

### DEFENDANT'S BRIEF IN SUPPORT OF ITS
### MOTION TO COMPEL ARBITRATION

Navient Solutions, LLC f/k/a Navient Solutions, Inc. ("NSL"), by and through

the undersigned counsel and pursuant to Sections 3 and 4 of the Federal

Arbitration Act (the "FAA"), 9 U.S.C. §§ 3–4, respectfully requests that the Court

compel Plaintiff Sonya London ("Plaintiff") to submit her entire dispute to

arbitration[1] and dismiss this matter or, in the alternative, stay this matter pending

the outcome of the arbitration proceeding.[2]   In support thereof, NSL states as

follows:

### I.    INTRODUCTION

Plaintiff filed suit against NSL for alleged fraudulent misrepresentations,

violations of the federal Fair Debt Collection Practices Act and the Arkansas

Deceptive Trade Practices Act, negligence and unjust enrichment related to a

promissory note that she executed.  However, as a part of the promissory note,

Plaintiff entered into an arbitration agreement that expressly encompasses the

claims that she now asserts in this lawsuit.  As Plaintiff has acknowledged that she

---

[1]  NSF has previously provided written notice to Plaintiff of NSF's election to arbitrate.
[2]  The Eighth Circuit authorizes the dismissal of an action pending arbitration.  *See, e.g.,*
*Unison Co., Ltd. v. Juhl Energy Dev., Inc.,* 789 F.3d 816, 821 (8th Cir. 2015) (citing *Green v.*
*SuperShutle Int'l, Inc.,* 653 F.3d 766, 769–70 (8th Cir. 2011)).

executed her promissory note and that it is an enforceable agreement between the parties, she is estopped from denying the enforceability of the incorporated arbitration agreement. Accordingly, the Court should order Plaintiff to submit to arbitration and should dismiss this matter or, in the alternative, stay this matter pending the outcome of the arbitration proceeding.

## II.   STATEMENT OF FACTS

In April 2012, Plaintiff executed a student bar loan promissory note in the amount of $15,000.00 (the "Note")[3]. *See* Ex. 1, the Note. The purpose of the Note was educational and the proceeds were intended to be used for Plaintiff's study and preparation for the bar examination. *Id.* At all times, NSL or its predecessor has been the servicer for Plaintiff's Note. *See* Compl., Doc. No. 1 ¶¶ 7, 21–23.

The Note contains an arbitration agreement, pursuant to which Plaintiff agreed that "either party to the Note may elect to arbitrate – and require the other party to arbitrate . . . any legal claim, dispute or controversy that arises from or relates in any way to [the] Note." Ex. 1 ¶ T. As a successor to Sallie Mae, Inc. and the servicer of Plaintiff's Note, NSL is authorized to enforce the arbitration agreement. *Id.* ¶ T(3). The arbitration agreement specifically includes: (1) any legal claim, dispute or controversy relating to the "collection of principal, interest, attorneys' fees, collection costs, or other fees or charges" relating to the Note; (2) "disputes involving alleged fraud or misrepresentation, negligence or other torts, or violation of statute, regulation, or common law"; and (3) "disputes involving

---

[3] The Note is entitled "Bar Study Loan Application and Promissory Note" and "Bar Study Loan Promissory Note XXXXXXXXXXXXX1112". These nine pages are collectively referred to herein as the Note.

requests for equitable relief." *Id.* The arbitration agreement is governed by the FAA. *Id.*

Plaintiff filed her complaint against NSL on March 1, 2017 ("Complaint").[4] *See* Doc. No. 1. The Complaint contains allegations of fraudulent misrepresentations, violations of the federal Fair Debt Collection Practices Act and the Arkansas Deceptive Trade Practices Act, negligence and unjust enrichment, all of which relate to the Note. These claims must therefore be submitted to arbitration.

### III.   ARGUMENT

#### A. Standard of Review

As "a matter of public policy, arbitration is strongly favored in Arkansas" because it offers a "less expensive and more expeditious means of settling litigation and relieving docket congestion." *Courtyard Gardens Health & Rehab., LLC v. Arnold*, 2016 Ark. 62, at 6, 485 S.W.3d 669, 673 (citations omitted) (considering arbitration agreement governed by the FAA and reversing and remanding for entry of an order compelling arbitration). The FAA, which governs the arbitration agreement at issue in this case, requires the application of "federal substantive law regarding arbitration," *id.*, which embodies a "'liberal federal policy favoring arbitration[.]'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Memor'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)). To serve that policy, the FAA requires courts to "rigorously enforce

---

[4] NSL disagrees with the allegations that Plaintiff asserts in her Complaint and will respond to them at the appropriate time and in the appropriate forum.

agreements to arbitrate" according to their terms. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). The Court should compel claims subject to an arbitration agreement to an arbitration proceeding "as quickly and easily as possible." *Am. Ins. Co. v. Cazort*, 316 Ark. 314, 320, 871 S.W.2d 575, 578 (1994); *see also Perry v. Thomas*, 482 U.S. 483, 489–92 (1987). Moreover, the Court must resolve "any doubts and ambiguities of coverage . . . in favor of arbitration." *Courtyard Gardens*, 2016 Ark. 62, at 6, 485 S.W.3d at 673; *see also Moses H. Cone Memor'l Hosp.*, 460 U.S. at 24–25; *Merrill Lynch, Pierce, Fenner & Smith v. Hovey*, 726 F.2d 1286, 1289 (8th Cir. 1984); *Bob Ladd, Inc. v. Adcock*, 633 F.Supp. 241, 242 (E.D. Ark. 1986) (noting the federal policy favoring arbitration). To that end, the FAA authorizes a party aggrieved by a counterparty's failure or refusal to arbitrate to move for an order directing that the dispute proceed in the manner provided for in the parties' arbitration agreement. 9 U.S.C. §§ 3, 4.

The FAA mandates that arbitration agreements be placed on equal footing with other contracts, and requires courts to enforce them according to their terms. *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 67–68 (2010); *Courtyard Gardens*, 2016 Ark. 62, at 6, 485 S.W.3d at 673; *see also DIRECTV, Inc. v. Imburgia*, 577 U.S. __, 136 S.Ct. 463, 468 (2015). Thus, the same rules of construction and interpretation apply to arbitration agreements as apply to contracts generally. *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 504 (8th Cir. 1999); *Courtyard Gardens*, 2016 Ark. 62, at 6, 485 S.W.3d at 673. The legal effect and construction of a written arbitration agreement is for the court to determine as a matter of law.

4

*Courtyard Gardens*, 2016 Ark. 62, at 6, 485 S.W.3d at 673; *see also Humphrey v. Jim Walter Homes, Inc.*, No. 3:06–cv–199 (GH), 2007 WL 473690, at *2 (E.D. Ark. 2007) (applying Arkansas law).

In considering a motion to compel arbitration, the court is limited to deciding two questions: (1) is there a valid arbitration agreement, and (2) does the dispute fall within the scope of that agreement? *United Steelworkers of Am., AFL-CIO-CLC v. Duluth Clinic, Ltd.*, 413 F.3d 786, 788 (8th Cir. 2005); *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, at 5, 437 S.W.3d 119, 122. "[S]tate contract law governs . . . whether an enforceable arbitration agreement exists between litigants," and federal law determines "whether the litigants' dispute falls within the scope of the arbitration agreement." *Donaldson Co. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 731 (8th Cir. 2009) (citing *Daisy Mfg. Co., Inc., v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir. 1994)). In deciding these questions, any doubts as to arbitrability must be settled in favor of arbitration. *Moses H. Cone Memor'l Hosp*, 460 U.S. at 24–25.

## B. The Arbitration Agreement is Valid and Enforceable

Although the arbitration agreement at issue here is subject to the FAA, the Court looks to state contract law to decide whether there is an agreement to arbitrate. *Keymer*, 169 F.3d at 504; *Reg'l Care of Jacksonville v. Henry*, 2014 Ark. 361, at 6, 444 S.W.3d 356, 360. Under Arkansas law, the essential elements of a contract are: (a) competent parties; (b) subject matter; (c) legal consideration; (d) mutual agreement; and (e) mutual obligations. *Found. Telecomms., Inc. v. Moe Studio, Inc.*, 341 Ark. 231, 241, 16 S.W.3d 531, 538 (2000) (citations omitted). The

arbitration provision here plainly satisfies Arkansas law, and should therefore be enforced—consistent with the parties' intent.

    *1.   The arbitration agreement has competent parties.*

The arbitration agreement was entered into by competent parties.  There is no dispute that Plaintiff, a law student preparing to take the bar examination, and the lender had the capacity and the authority to enter the agreement.  As successor to Sallie Mae, Inc. and servicer of Plaintiff's Note, the terms of the Note and the incorporated arbitration agreement are equally and mutually binding on NSL.  Ex. 1 ¶ T(3).  Moreover, Plaintiff did not reject the arbitration agreement within sixty days after the date of the first disbursement under the Note, as she was required to do.  Ex. 1 ¶ T(1).

    *2.   The arbitration agreement has a valid subject matter.*

As noted above, this agreement is subject to the FAA, and arbitration agreements are favored under both Arkansas law and the FAA.  *See Kilgore v. Key Bank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (compelling arbitration of claims relating to private student loans under the FAA); *Courtyard Gardens*, 2016 Ark. 62, at 6, 485 S.W.3d at 673.  Further, the Supreme Court has consistently confirmed the strong policy favoring arbitration under the FAA.  *See, e.g., CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012); *AT&T Mobility*, 563 U.S. at 345–46, 352; *Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 67–73 (2010); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).  Likewise, arbitration provisions similar to that at issue in this case have been upheld as

enforceable in other jurisdictions. *See, e.g., Roach v. Navient Solutions, Inc.*, 165 F. Supp. 3d 343, 334 Ed. Law Rep. 334, 350 n.14 (D. Md. 2015) (collecting cases in support of the finding that "the Court finds itself in good company, joining a rising number of courts that have found the arbitration agreements in [Sallie Mae/NSL] promissory notes enforceable") and *In re Williams*, 564 B.R. 770, 775–84 (Bankr. S.D. Fla 2017) (enforcing arbitration agreements in connection with bar-study loan serviced by NSL).

The FAA preempts any state law that attempts to prohibit the application of arbitration agreements to particular types of claims, including alleged violations of the federal Fair Debt Collection Practices Act and the Arkansas Deceptive Trade Practices Act. *Koch v. Compucredit Corp.*, 543 F.3d 460, 466–67 (8th Cir. 2008). Moreover, while Plaintiff's claims arise from alleged violations of the bankruptcy discharge injunction, the United States Bankruptcy Code does not prohibit arbitration of these claims nor does it conflict with the provisions of the FAA. *Williams*, 564 B.R. at 775–76, 778–84. Thus, this arbitration agreement has a valid subject matter.

3. *The lender provided legal consideration.*

This element of the contract cannot be in dispute in light of the clear terms of the agreement. According to the Note and Plaintiff's Complaint, the lender disbursed $15,000.00 to Plaintiff to assist her in furthering her educational goal to prepare for and sit for the bar examination in exchange for her promise to repay the student loan. Moreover, both parties agreed to be bound by the arbitration

agreement. Therefore, sufficient legal consideration existed when the Note containing the arbitration agreement was executed.

    *4. Plaintiff and the lender mutually agreed to the arbitration provision.*

    With regard to the requirement of mutual assent, Arkansas employs an objective test for determining mutual assent. *Ward v. Williams*, 354 Ark. 168, 180, 118 S.W.3d 513, 520 (2003). Thus, objective indicators must demonstrate a meeting of the minds on the contract's terms. *Williamson v. Sanofi Winthrop Pharm., Inc.*, 347 Ark. 89, 98, 60 S.W.3d 428, 434 (2001). Signing an instrument is "an objective manifestation of mutual assent to the formation of the contract and is evidence that a meeting of the minds occurred." *Hagans v. Haines*, 64 Ark. App. 158, 165, 984 S.W.2d 41, 45 (1998). Plaintiff admittedly executed the Note and the incorporated arbitration agreement. *See* Complaint (Doc. No. 1), at ¶ 15. By the parties' actions, there was clearly mutual assent to enter the arbitration agreement.

    *5. The arbitration agreement is mutually binding.*

    Additionally, Arkansas courts also require mutuality of obligation, meaning that the obligation to arbitration must be binding upon both parties. *Reg'l Care of Jacksonville,* 2014 Ark. 361 at 6, 444 S.W.3d at 360. In other words, neither party is bound unless both are bound. *Indep. Cty. v. City of Clarksville*, 2012 Ark. 17, 6, 386 S.W.3d 395, 399.

    The arbitration agreement at issue here applies equally to the parties, as either party can compel arbitration. *See* Ex. 1. Further, as successor to Sallie Mae, Inc. and the servicer of Plaintiff's Note, NSL is explicitly bound by and able to

enforce the terms of the arbitration agreement. *Id.* ¶ T(3). Plaintiff's claims against NSL arise out of and are directly related to the Note. Accordingly, the arbitration provision is valid, enforceable, and binding on Plaintiff.

### C. Plaintiff's Claims Are Within the Scope of the Arbitration Agreement

The federal substantive law of arbitrability governs whether the dispute falls within the scope of the arbitration agreement. *Donaldson Co. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 731 (8th Cir. 2009). Any "doubts about arbitrability must be resolved in favor of arbitration." *HPD, LLC v. Tetra Techs., Inc.*, 2012 Ark. 408, at 6, 424 S.W.3d 304, 308; *see also 3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008) (noting that courts must liberally construe a valid arbitration clause, "resolving any doubts in favor of arbitration . . . unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute") (quotation omitted).

In making this determination, the Court examines whether the arbitration clause is broad or narrow. *Fleet Tire Serv. of N. Little Rock v. Oliver Rubber Co.*, 118 F.3d 619, 621 (8th Cir. 1997) (finding the arbitration clause at issue was broad because arbitration was available for claims both "arising from" and "relating to" the agreement). If the clause is broad, the "liberal federal policy favoring arbitration agreements requires that a district court send a claim to arbitration . . . as long as the underlying factual allegations simply touch matters covered by the arbitration provision." *3M Co.*, 542 F.3d at 1199 (quotations and internal citation omitted). Such arbitration provisions cover both contract and non-contract claims,

including tort claims, that are directly or indirectly related to the parties'
contractual relationship. *CDPartners, LLC v. Grizzle*, 424 F.3d 795, 800 (8th Cir.
2005) (stating that broadly-worded arbitration clauses are "generally construed to
cover tort suits arising from the same set of operative facts covered by a contract
between the parties to the agreement"). Indeed, the Eighth Circuit previously held,
in a dispute involving a credit agreement and the collection of debt related thereto,
that claims for violations of the federal Fair Debt Collection Practices Act and the
Arkansas Deceptive Trade Practices Act were within the scope of a broad
arbitration provision and were subject to arbitration under the FAA. *Koch*, 543
F.3d at 466–67.

Here, the arbitration agreement expressly provides that it applies to any
legal claim, dispute or controversy that "arises from or relates in any way" to the
Note, including the "collection of principal, interest, attorneys' fees, collection costs,
or other fees or charges." The "arises from or relates in any way" language marks
the clause as being a broad one, requiring the Court to interpret it liberally in favor
of arbitration. *See PRM Energy Sys., Inc. v. Primenergy, LLC*, 592 F.3d 830, 836–37
(8th Cir. 2010) (finding an arbitration clause that applied to "all disputes under" a
series of licensing agreements was a broad arbitration provision and applied to tort
claims arising out of the parties' contracts); *CD Partners, LLC*, 424 F.3d at 800
(holding that an arbitration clause including "any claim, controversy or dispute
arising out of or related to" franchise agreements was a broad arbitration
agreement and included tort claims). Moreover, the agreement also makes clear

10

that it specifically applies to disputes involving alleged fraud or misrepresentation, negligence or other torts, violation of statute, regulation, or common law, and requests for equitable relief.  Plaintiff's claims therefore specifically fall within the scope of the arbitration agreement.  As a result, Plaintiff is bound by the terms of the arbitration agreement and should be compelled to adhere to her agreement to enter arbitration.

## IV.   CONCLUSION

For the reasons stated above, the Court should enter an order compelling arbitration and dismissing this matter or, in the alternative, staying all proceedings in this matter pending arbitration.[5]

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jhenry@wlj.com

By: _____
    Judy Simmons Henry (84069)
    Jaimie G. Moss (2012228)

*Attorneys for defendant Navient Solutions, LLC, f/k/a Navient Solutions, Inc.*

---

[5] *See supra* n.1.

## CERTIFICATE OF SERVICE

I hereby certify that on April *10*, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Blake Byrd
Law Office of Blake Byrd, P.A.
1001 La Harpe Blvd.
Little Rock, Arkansas 7221
blake@byrd-legal.com

*Attorney for plaintiff*

Judy Simmons Henry